# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60838
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

JUANA LUZ CHEVEZ-DE GONZALEZ; YONATHAN JOSUE GONZALEZ-CHEVEZ; BRAYAN BLADIMIR GONZALEZ-CHEVEZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 294 024
BIA No. A208 294 025
BIA No. A208 294 026

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Juana Luz Chevez-de Gonzalez, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) denying her motion to reconsider its dismissal of her appeal. The BIA dismissed her appeal from the decision of the immigration judge (IJ) denying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] Chevez-de Gonzalez contends that she is entitled to relief because she established that the Salvadoran government was unable or unwilling to protect her from her husband.

This court reviews the denial of a motion to reconsider for an abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). To succeed on such a motion, the movant must "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Id.*

Chevez-de Gonzalez has not met this standard, as the evidence does not show that Salvadoran officials were unable or unwilling to protect her from her husband and thus does not show that the BIA overlooked anything. *See Zhao*, 404 F.3d at 301; *Shehu v. Gonzalez*, 443 F.3d 435, 437 (5th Cir. 2006). To the contrary, when she sought help from officials, it came in the form of a protective order and her husband's arrest and incarceration. Thus, Chevez-de Gonzalez has not shown that the BIA abused its discretion by denying her motion to reconsider with respect to her asylum claim. *See Zhao*, 404 F.3d at 301. She concomitantly has not shown that the BIA abused its discretion by denying her motion to reconsider with respect to her withholding claim. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Zhao*, 404 F.3d at 301. Finally, because she has not shown that removal to El Salvador will more likely than not subject her to officially sanctioned torture, she has not shown that the BIA abused its discretion by denying her motion to reconsider with respect to her CAT claim. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); 8 C.F.R. § 208.18(a)(1); *Zhao*, 404 F.3d at 301. The petition for review is DENIED.

---

[1] Chevez-de Gonzalez is the lead petitioner; the remaining petitioners, her children, are derivative beneficiaries on her application.